UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 20-cv-23159-AMC

IKSA EXIM, INC., a Florida corporation
and IZHAK KASHANI, an individual

        Plaintiff

vs.

LAWRENCE ALLOUCHE a/k/a LARRY
ALLOUCHE a/k/a LARRY ALUSH and
ARIEL LLC, a Pennsylvania limited liability
company,

        Defendants.
_____/

**MOTION TO STRIKE AFFIRMATIVE DEFENSES, OR IN THE
ALTERNATIVE, FOR MORE DEFINTIE STATEMENT, AND AS TO ARIEL LLC,
MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES IN ITS ENTIRETY**

        Plaintiffs, IKSA EXIM, INC. and IZHAK KASHANI (collectively, "**Plaintiffs**"), through undersigned counsel, hereby move to strike the affirmative defenses of Defendants, or in the alternative, for a more definite statement, and as to Ariel LLC specifically, move to strike the answer and affirmative defenses in its entirety, and as grounds therefore state:

**I.**    **Preliminary Statement**

        On July 30, 2020, Plaintiffs filed this action. See D.E. 1. After a number of issues obtaining service, on December 1, 2020, Defendants – one of which is an entity – filed their *pro se* answer and affirmative defenses (the "**Answer**").[1] See D.E. 13. As set forth herein, certain of Defendants' affirmative defenses should be stricken. Moreover, the *pro se* answer and affirmative defenses

---

[1] It is abundantly clear from a review of the defenses that the *pro se* Defendants found pleadings online and copy-pasted as many boilerplate defenses as they could find from other pleadings, some of which do not relate, even arguably, to the instant action.

should be stricken in their entirety as to Ariel LLC because it is well-established that entities must be represented by an attorney.

While *pro se* litigants are given some leeway and their pleadings are liberally construed, those pleadings must still conform to the procedural rules and give fair notice to the opposing parties. See Tran v. City of Holmes Beach, 817 Fed. Appx. 911, 915-16 (11th Cir. 2020).

**II.     Argument**

    **A.  The Court Should Strike the Answer and Affirmative Defenses as to Ariel LLC in Its Entirety**

As a preliminary matter, the answer and affirmative defenses should be stricken in their entirety as to Ariel LLC and a default should be entered against it because it is well-established that entities must be represented by an attorney. See Palazzo v. Gulf Oil Corp., 764 F. 2d 1381, 1384 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.").

    **B.  Combined Defenses**

Combining multiple defenses into one defense is improper and supports a striking of such defenses. See Dionisio v. Ultimate Images & Designs, Inc., 391 F. Supp. 1187, 1195 (S.D. Fla. 2019) ("discrete defenses that have been improperly combined should be pled separately"). The following are combined defenses that should be stricken: (a) those set forth in paragraph 140 of the Answer (see D.E. 13, p. 13); and (b) those set forth in paragraph 142 of the Answer (see D.E. 13, p. 13).

    **C.  Duplicative Defenses**

A number of the defenses raised by Defendants are duplicative of each other,[2] and should therefore be stricken. See Ramnarine v. RG Group, Inc., No. 12-80264-CIV-

---

[2] This includes ten (10) paragraphs at the end of the answer (but before the section labeled

MARRA/BRANNON, 2012 U.S. Dist. LEXIS 94153, at *13 (S.D. Fla. Jul. 9, 2012) (striking duplicative defense); Advance Concrete Materials, LLC v. Con-Way Freight, Inc., No. 09-80460-CIV-MARRA, 2009 U.S. Dist. LEXIS 83197, *10 (S.D. Fla. Sep. 11, 2009) (striking affirmative defenses that "merely re-phrase" other affirmative defeses).

The below-identified defenses are duplicative as follows:

1) The defense identified in paragraph 135 of the Answer (see D.E. 13, p. 13) is duplicative of the affirmative defenses labeled "fourth affirmative defense," "sixth affirmative defense," and "seventh affirmative defense" (see D.E. 13, pp. 14-15) and paragraph 135 should therefore be stricken;

2) The portion of the defense – asserting that Plaintiffs failed to mitigate damages – identified in paragraph 140 of the Answer (see D.E. 13, p. 13) is duplicative of the affirmative defense labeled "fifth affirmative defense," (see D.E. 13, p. 14) and paragraph 140 should therefore be stricken;

3) The defense identified in paragraph 141 of the Answer (see D.E. 13, p. 13) is duplicative of the affirmative defenses labeled "sixth affirmative defense" and "seventh affirmative defense" (see D.E. 13, pp. 14-15) and paragraph 141 should therefore be stricken;

4) The portion of the defense – asserting that Plaintiffs are barred by equitable estoppel – identified in paragraph 142 of the Answer (see D.E. 13, p. 13) is duplicative of the affirmative defense labeled "tenth affirmative defense," (see D.E. 13, p. 15) and paragraph 142 should therefore be stricken;

5) The defense labeled "seventh affirmative defense" (see D.E. 13, pp. 14-15) is duplicative of the defense labeled "sixth affirmative defense" (see D.E. 13, p. 14) and should therefore be stricken;

6) The defense labeled "ninth affirmative defense" (see D.E. 13, p. 15) is duplicative of the defense labeled "sixth affirmative defense" (see D.E. 13, p. 14) and should therefore be stricken;

7) The defense labeled "fifteenth affirmative defense" (see D.E. 13, p. 16) is duplicative of the defense labeled "fourth affirmative defense" (see D.E. 13, p. 14) and should therefore be stricken.

---

affirmative defenses) entitled "New Matter." See D.E. 13, ¶¶ 133-42. These appear to be what are traditionally affirmative defenses and therefore Plaintiffs will treat them as such for the purpose of this Motion.

### D. A Number of the Defenses are Mere Denials

When a defense is asserted that is actually a denial, the Court should not strike the defense but should treat it instead like the denial that it is. See Longhini v. Equity One (Sheridan Plaza) LLC, No. 19-cv-60493-BLOOM/VALLE, 2019 U.S. Dist. LEXIS 231156, *2 (S.D. Fla. May 23, 2019). The defenses set forth in paragraphs 137 and 138 of the Answer (see D.E. 13, p. 13), and the defense labeled "first affirmative defense" (see D.E. 13, p. 14) are mere denials. The Plaintiffs respectfully request that the Court rule that such "defenses" are actually denials and are to be treated as such.

### E. Specific Affirmative Defenses

As a preliminary matter, each and every defense asserted by Defendant, whether in the "New Matter" section (see D.E. 13, p. 13) or under the actual affirmative defenses section (see D.E. 13, pp. 14-16) should be stricken as barebones, conclusory defenses. See Talisman Capital Alternative Invs. Fund v. Mouttet, No. 10-24577-CIV-GRAHAM/GOODMAN, 2011 U.S. Dist. LEXIS 163299, *12 (S.D. Fla. Nov. 22, 2011) (holding that defenses comprised solely of barebones conclusory allegations fall short of Rule 8(b)'s pleading requirements); See Dionisio, 391 F. Supp. at 1195 (striking defenses that were "nothing more than bare recitations of boiler-plate affirmative defenses."). While the complete lack of allegations for many of the defenses speak for themselves, below are defenses that merited further argument or should also be stricken for other, more specific reasons.

#### i. Paragraph 134 of the Answer (Statute of Limitations)

In paragraph 134 of the Answer Defendants assert that the claims are barred by the statute of limitations (see D.E. 13, p. 13), however, fail to explain how this is so and it should therefore be stricken. See Bowes v. Haymore, No. 13-14304-CIV-GRAHAM/LYNCH, 2014 U.S. Dist.

LEXIS 202692, *7 (S.D. Fla. Jul. 8 2014) (striking defense that did not identify any specific statute of limitation or specific claim it barred).

### ii. The Defense Labeled "First Affirmative Defense"

For the defense labeled "First Affirmative Defense" Defendants assert failure to state a cause of action because Plaintiffs: (a) failed to sufficiently plead a basis for relief, (b) fails to allege with specificity any facts to establish the requisite elements, and (c) fails to set forth ultimate facts. See D.E. 13, p. 14. Other than these conclusory statements, Defendants do not actually point to a single cause of actions whereunder Plaintiffs failed to state a cause of action. This defense should be stricken. See Nash v. O.R. Colan Group, LLC, No. 12-60759-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 134727, *4 (S.D. Fla. Sept. 20, 2012) (striking affirmative defense generally stating that "Plaintiff's claims are barred by his failure to state a cause of action . . ."); see also Bowes, 2014 U.S. Dist. LEXIS 202692 at *5 (holding that defense alleging defect in prima facie case is a denial rather than a defense).

### iii. The Defense Labeled "Second Affirmative Defense"

For the defense labeled "Second Affirmative Defense" Defendants assert unclean hands and generally state: "the actions of Plaintiff should bar recovery" and "Plaintiffs wrongful conduct precludes it from seeking relief." See D.E. 13, p. 14.

> The United States Court of Appeals for the Eleventh Circuit has stated that to assert an unclean hands defense, a defendant must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct.

Royal Palms Props., LLC v. Premier Estate Props., Inc., No. 10-80232-CV-COHN, 2010 U.S. Dist. LEXIS 110443, *6 (S.D. Fla. Oct. 6, 2010) (internal citations and quotations omitted).

Here, Defendants have generally stated that the "actions" and "wrongful conduct" bar recovery, however, have failed to state what actions or conduct by Plaintiffs directly related to the claim.

### iv. The Defense Labeled "Selective Enforcement" Should be Stricken

For the defense labeled "Selective Enforcement" Defendants assert that "Plaintiff's selective enforcement of the Covenants and Documents within the community is a complete bar to enforcement." See D.E. 13, p. 14. This defense clearly relates to condominium or homeowners' associations, which has nothing to do with this action, and therefore it should be stricken.

### v. The Defense Labeled "Fifth Affirmative Defense"

For the defense labeled "Fifth Affirmative Defense" Defendants assert that "Plaintiff failed to mitigate any damages . . ." See D.E. 13, p. 14. Because Defendants do not provide any facts in support of this defense it should be stricken. See Bowes, 2014 U.S. Dist. LEXIS 202692 at *7 (striking defense of failure to mitigate where defendant failed to allege how plaintiff failed to mitigate and that there was any duty to do so).

### vi. The Defense Labeled "Eleventh Affirmative Defense"

For the defense labeled "Eleventh Affirmative Defense" Defendants assert that "Plaintiffs['] claims are fraudulent in that Plaintiff . . . failed to fully and faithfully perform its duties . . ." See D.E. 13, p. 15. Assuming *arguendo* that this is a legitimate defense, it is ambiguous and confusing. Moreover, if Defendants are attempting to allege some fraudulent matter, this defense is subject to a heightened pleading standard and requires specific allegations in support thereof.

### vii. The Defense Labeled "Twelfth Affirmative Defense"

For the defense labeled "Twelfth Affirmative Defense" Defendants assert that Plaintiffs' claims are barred by illegality "as set forth in the Defendant's counterclaims" and failure to comply with rules and regulations of the State of Florida. See D.E. 13, p. 15. In addition to the fact that no counterclaims have been filed, Defendants also fail to identify any rule or regulation that was violated.

### viii. The Defense Labeled "Thirteenth Affirmative Defense"

For the defense labeled "Thirteenth Affirmative Defense" Defendants assert that "Defendants discharged plaintiffs claim . . . by payment of the monthly assessments." See D.E. 13, p. 15. Similar to the defense labeled "Selective Enforcement," this defense clearly relates to condominium or homeowners' associations, which has nothing to do with this action, and therefore it should be stricken.

### ix. The Defense Labeled "Fourteenth Affirmative Defense"

For the defense labeled "Fourteenth Affirmative Defense" Defendants assert that "Plaintiff failed to comply with Rule 1.130(a) of the Florida Rules of Civil Procedure . . ." See D.E. 13, p. 15. This Florida Rule of Civil Procedure is not applicable in this Federal court action, and therefore should be stricken.

### F. The Court Should Strike Defendants' "Reservation of Rights and Supplemental Defenses"

Traditionally, a reservation of rights is meaningless, does not prejudice a party or confer a right to amend, and therefore is not necessary to strike. See Longhini v. Equity One (Sheridan Plaza) LLC, 2019 U.S. Dist. LEXIS 231156 at *4-5.

In the Answer in this action, however, Defendants state "The facts having not been fully developed, Defendant affirmatively plead [sic] any of the following defenses that may become

applicable to this action" and thereafter lists in shotgun form a slew of affirmative defenses. See D.E. 13, p. 16. The difference between the standard reservation of rights and the one at issue here is that Defendants purport to "**affirmatively plead** any of the following defenses that may become applicable . . ." And so, this is more than a reservation, it is an affirmative pleading of defenses, albeit improperly. Therefore, the affirmatively pled defenses in the reservation should be stricken. Of course, if those defenses become apparent in this matter, Defendants can move for leave to amend at the appropriate time.

### G. Defendants Fail to Provide Fair Notice of Certain Defenses

> Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests. Under Rule 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Tara Prods., Inc. v. Hollywood Gadgets, Inc., No. 09-61436-CIV-COHN/SELTZER, 2009 U.S. Dist. LEXIS 121709, *3 (S.D. Fla. Dec. 11, 2009).

Because the defenses are clearly pulled from other pleadings located online or otherwise by *pro se* defendants,[3] they are ambiguous and confusing, and to the extent not stricken, Defendants should be required to provide a more definite statement so that Plaintiffs have fair notice of the defenses. At present, all Plaintiffs have to consider are approximately twenty-five (25) disorganized, duplicative, and haphazardly pled defenses, none of which have any factual support that ca be applied to this action. Therefore, Defendants should be required to provide a more definite statement and plead the bare minimum facts supporting each of the defenses.

---

[3] As additional examples, many of the defenses refer to crossclaims or counterclaims that do not exist.

**WHEREFORE**, Plaintiffs, IKSA EXIM, INC. and IZHAK KASHANI, respectfully request that this Court enter an order striking Defendants, LAWRENCE ALLOUCHE a/k/a LARRY ALLOUCHE a/k/a LARRY ALUSH and ARIEL LLC's affirmative defenses, or int the alternative, ordering Defendants to provide a more definite statement, and further as to Ariel LLC, striking the answer and affirmative defenses in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: December 22, 2020

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I emailed Larry Allouche, who is representing himself and Ariel LLC *pro se*, a copy of this motion in an attempt. Mr. Allouche did not respond to the conference attempt.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 22, 2020,** a true and correct copy of the foregoing was filed via the CM/ECF system. A copy was also sent via U.S. Mail and email to the parties on the attached Service List.

Respectfully Submitted,

THE BERNSTEIN LAW FIRM
*Attorneys for Plaintiffs*
3050 Biscayne Boulevard, Suite 403
Miami, Florida 33137
Tel. (305) 672-9544
Fax (305) 672-4572
michael@blfmiami.com
jordan@blfmiami.com
paralegal@blfmiami.com

*s/Michael I. Bernstein*
**Michael I. Bernstein**
Florida Bar No. 546208
**Jordan C. Kaplan**
Florida Bar No. 98618

**<u>SERVICE LIST</u>**
**<u>CASE NO. 20-cv-23159-CANNON</u>**

**LARRY ALLOUCHE**
**ARIEL LLC**
*Pro Se*
32 Hirst Avenue
Lansdowne, PA 19050
allouchelarry@yahoo.com