UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23159-CIV-CANNON

**IKSA EXIM, INC.**, a Florida corporation
and **IZHAK KASHANI**, an individual,

       Plaintiffs,

vs.

**LAWRENCE ALLOUCHE** a/k/a LARRY
ALLOUCHE a/k/a LARRY ALUSH and
**ARIEL, LLC**, a Pennsylvania limited liability
company,

       Defendants.
_____/

**LAWRENCE ALLOUCHE** a/k/a LARRY
ALLOUCHE a/k/a LARRY ALUSH,

       Counter-Plaintiff

vs.

**IKSA EXIM, INC.**, a Florida corporation
and **IZHAK KASHANI**, an individual,

       Counter-Defendants.
_____/

## REVISED VERDICT FORM PER JUROR NOTE

### PART I

#### KASHANI'S BREACH OF CONTRACT CLAIM AGAINST ALLOUCHE

1.a.    Did Kashani prove by a preponderance of the evidence that he did all, or substantially all, of the essential things which the contract required him to do?

        Yes    ✓

        No    ____

**If your answer to 1.a. is NO, then answer 1.b.  If your answer to 1.a. is YES, then skip question 1.b. and answer question 2.**

1.b.    Was Kashani excused from having to do all, or substantially all, of the essential things which the contract required him to do?

     Yes    _____

     No     _____

**If your answers to questions 1.a <u>and</u> 1.b. are NO, skip questions 2 and 3 go to Part II.  If you answered YES to either part of question 1, please answer question 2.**

2.    Did Allouche fail to do something essential which the contract required him to do?

     Yes    ✓

     No     _____

**If your answer to question 2 is NO, skip question 3 and go to Part II.  If you answered YES to question 2, please answer question 3.**

3.    Was Kashani damaged by that failure?

     Yes    ✓

     No     _____

## PART II

### IKSA'S BREACH OF CONTRACT CLAIM AGAINST ARIEL AND ALLOUCHE

4. Did IKSA prove by a preponderance of the evidence that the essential contract terms were clear enough so that the parties could understand what each party was required to do?

Yes ✓

No ____

**If your answer to question 4 is NO, skip questions 5 through 13 and go to Part V. If your answer to question 4 is YES, please answer question 5.**

5. Did IKSA prove by a preponderance of the evidence that IKSA and ARIEL agreed to give each other something of value? A promise to do something or not to do something may have value.

Yes ✓

No ____

**If your answer to question 5 is NO, skip questions 6 through 13 and go to Part V. If your answer to question 5 is YES, please answer question 6.**

6. Did IKSA prove by a preponderance of the evidence that IKSA and ARIEL agreed to the essential terms of the contract?

Yes ✓

No ____

**If your answer to question 6 is NO, skip Part III and Part IV and go to Part V. If your answer to question 6 is YES, please proceed to Part III.**

## PART III

7.a.   Did IKSA do all, or substantially all, of the essential things which the contract required it to do?

    Yes    ✓

    No    ____

**If your answer to 7.a. is NO, then answer 7.b.  If your answer to 7.a. is YES, then skip question 7.b. and answer question 8.**

7.b.   Was IKSA excused from having to do all, or substantially all, of the essential things which the contract required IKSA to do?

    Yes    ____

    No    ____

**If your answers to both questions 7.a and 7.b. are NO, skip questions 8 through 13 and go to Part V.  If you answered YES to either part of question 7, please answer question 8.**

8.   Did ARIEL fail to do something essential which the contract required ARIEL to do?

    Yes    ✓

    No    ____

**If your answer to question 8 is NO, skip questions 9 through 13 and go to Part V.  If you answered YES to question 8, please answer question 9.**

9.   Was IKSA damaged by that failure?

    Yes    ✓

    No    ____

**If your answer to question 9 is NO, skip Part IV and go to Part V.  If your answer to question 9 is YES, please proceed to Part IV.**

## PART IV

10. Did IKSA prove by a preponderance of the evidence that Allouche dominated and controlled ARIEL such that ARIEL's separate identity was not sufficiently maintained?

    Yes    ✓

    No    _____

**If your answer to question 10 is NO, skip questions 11 through 13 and go to Part V. If you answered YES to question 10, please answer question 11.**

11. Did IKSA prove by a preponderance of the evidence that Allouche dominated and controlled ARIEL such that ARIEL lacked an existence independent from Allouche?

    Yes    ✓

    No    _____

**If your answer to question 11 is NO, skip questions 12 and 13 and go to Part V. If you answered YES to question 11, please answer question 12.**

12. Did IKSA prove by a preponderance of the evidence that the corporate form of ARIEL was used for a fraudulent or improper purpose?

    Yes    ✓

    No    _____

**If your answer to question 12 is NO, skip question 13 and go to Part V. If you answered YES to question 12, please answer question 13.**

13. Did IKSA prove by a preponderance of the evidence that the fraudulent or improper use of the ARIEL's corporate form harmed IKSA?

    Yes    ✓

    No    _____

## PART V

### KASHANI'S BREACH OF FIDUCIARY DUTY CLAIM AGAINST ALLOUCHE

14. Did Kashani prove by a preponderance of the evidence that a relationship exists between Kashani and Allouche in which Kashani put his trust in Allouche to protect Kashani's financial or property interests and Allouche accepted that trust?

Yes ✓

No _____

**If your answer to question 14 is YES, proceed to question 15. If your answer to question 14 is NO, skip question 15 and go to Part VI.**

15. Did Allouche breach a fiduciary duty owed to Kashani that was a legal cause of damage to Kashani?

Yes ✓

No _____

## PART VI

### IKSA CIVIL THEFT CLAIM AGAINST ALLOUCHE

16. Did Allouche obtain or use IKSA's property?

    Yes ✓

    No _____

**If your answer to question 16 is YES, proceed to question 17.a. If your answer to question 16 is NO, skip questions 17.a and 17.b and go to Part VII.**

17.a. Did Allouche intend to deprive IKSA, either temporarily or permanently, of its right to the property or a benefit from it?

    Yes ✓

    No _____

**If your answer to question 17.a is NO, proceed to question 17.b. If your answer to question 17.a is YES, then your verdict is for IKSA on this Count and you should complete Part VIII regarding the damages to be awarded to IKSA.**

17.b. Did Allouche intend to appropriate, either temporarily or permanently, the property to the use of any person or entity not entitled to it?

    Yes _____

    No _____

**If your answer to both question 17.a and 17.b is NO, then your verdict is for Allouche on this Count. If your answer to question 17.b is YES, then your verdict is for IKSA on this Count and you should complete Part VIII regarding the damages to be awarded to IKSA.**

7

## PART VII

### DAMAGES AWARDED TO KASHANI

**Only answer question 18 if you answered YES to question 3 and/or question 15. In the event you find that Kashani is entitled to damages for breach of contract, breach of fiduciary duty, or both, the maximum combined damages that you can award to Kashani is $252,500.00.**

18. What is the gross amount of damages to be awarded to Kashani?

    $ _____0_____

19. Do you find that Kashani made reasonable efforts to avoid these damages?

    Yes _____

    No ✓

**If your answer to question 19 is YES, then skip question 20 and answer question 21. If your answer to question 19 is NO, then answer question 20.**

20. What is the amount of damages that Defendants proved Kashani could have avoided with reasonable efforts or expenditures?

    $ _____0_____

21. Do you find by a preponderance of the evidence that Allouche is entitled to a setoff for work that he performed for Kashani unrelated to ARIEL?

    Yes _____

    No ✓

**If your answer to question 21 is NO, then skip question 22 and answer question 23. If your answer to question 21 is YES, then answer question 22.**

22. What is the amount of the setoff to which Allouche is entitled?

    $ _____

23. What is the net amount of damages (i.e., the gross damages from your answer to question 18 less any avoidable damages from your answer to question 20 and/or setoff from your answer to question 22) to be awarded to Kashani?

    $ _____0_____

8

## PART VIII

### DAMAGES AWARDED TO IKSA

**Only answer question 24.a if you answered YES to question 9, question 17.a, and/or question 17.b. In the event you find that IKSA is entitled to damages for breach of contract, civil theft, or both, the maximum combined damages that you can award to IKSA is $505,000.00.**

24.a.   What is the gross amount of damages to be awarded to IKSA?

$ 505,000

24.b.   What portion, if any, of the damages award from your answer to question 24.a is for civil theft?

$ 246,173.00

25.   Do you find that IKSA made reasonable efforts to avoid these damages?

Yes _____

No  ✓

**If your answer to question 25 is YES, then skip question 26 and enter the gross damages from your answer to question 24.a as the net damages in question 27. If your answer to question 25 is NO, then answer question 26.**

26.   What is the amount of damages that Defendants proved IKSA could have avoided with reasonable efforts or expenditures?

$ 0

27.   What is the net amount of damages (i.e., the gross damages from your answer to question 24.a less any avoidable damages from your answer to question 26) to be awarded to IKSA?

$ 505,000

9

## PART IX

### ALLOUCHE'S BREACH OF CONTRACT COUNTERCLAIM AGAINST KASHANI

28.a.  Did Allouche do all, or substantially all, of the essential things which the contract required it to do?

        Yes _____        No ___✓___

**[If your answer to 28.a. is NO, then answer 28.b.  If your answer to 28.a. is YES, then skip question 28.b. and answer question 29.]**

28.b.  Was Allouche excused from having to do all, or substantially all, of the essential things which the contract required it to do?

        Yes _____        No ___✓___

**[If your answers to 28.a. and 28.b. are NO, skip questions 29 through 34.d and go to Part XI. If you answered YES to either part of question 28, please answer question 29.]**

29.  Did Kashani fail to do something essential which the contract required him to do?

        Yes _____        No _____

**[If your answer to question 29 is NO, skip questions 30 through 34.d and go to Part XI.  If you answered YES to question 29, please answer question 30.]**

30.  Was Allouche damaged by that failure?

        Yes _____        No _____

**If your answer to question 30 is NO, skip Part X and go to Part XI.  If you answered YES to question 30, please proceed to Part X.**

10

## PART X: KASHANI'S AFFIRMATIVE DEFENSES ON ALLOUCHE'S FIRST COUNTERCLAIM

31.   Was Allouche's conduct consistent with the parties' reasonable expectations under the contract?

    Yes   \_\_\_\_\_

    No    \_\_\_\_\_

**If your answer to question 31 is NO, your verdict is for Kashani, and you should proceed to Part XI. If your answer to question 31 is YES, please proceed to question 32.a.**

32.a.   Did Allouche state to Kashani that the renovation of the properties was proceeding as planned?

    Yes   \_\_\_\_\_

    No    \_\_\_\_\_

**If your answer to question 32.a is YES, please answer question 32.b. If your answer to question 32.a is NO, skip question 32.b and 32.c and answer question 33.a.**

32.b.   Did Kashani rely in good faith upon Allouche's statement(s) regarding the renovation of the properties?

    Yes   \_\_\_\_\_

    No    \_\_\_\_\_

**If your answer to question 32.b is YES, please answer question 32.c. If your answer to question 32.b is NO, skip question 32.c and answer question 33.a.**

32.c.   Did Kashani's reliance on Allouche's statement(s) cause Kashani to change his position for the worse?

    Yes   \_\_\_\_\_

    No    \_\_\_\_\_

**If your answer to each of questions 32.a, 32.b, and 32.c is YES, your verdict is for Kashani, and you should proceed to Part XI.  If you answered no to any of those questions, please proceed to question 33.a.**

33.a.  Did Allouche represent that Kashani's $505,000.00 contribution to the venture would be sufficient to acquire and renovate the properties?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 33.a is YES, please answer question 33.b. If your answer to question 33.a is NO, skip questions 33.b, 33.c, and 33.d and answer question 34.a.**

33.b.  Did Allouche know that the representation was false when he made it or made the statement knowing he did not know whether it was true or false?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 33.b is YES, please answer question 33.c. If your answer to question 33.b is NO, skip questions 33.c and 33.d and answer question 34.a.**

33.c.  Did Allouche make the representation to induce Kashani. to enter into this contract?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 33.c is YES, please answer question 33.d.  If your answer to question 33.c is NO, skip question 33.d and answer question 34.a.**

33.d.  Did Kashani enter into this contract in reliance on the representation?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to each of questions 33.a, 33.b, 33.c, and 33.d is YES, your verdict is for Kashani, and you should proceed to Part XI.  If you answered no to any of those questions, please proceed to question 34.a.**

34.a.  Did Allouche misrepresent a material fact?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 34.a is YES, please answer question 34.b.  If your answer to question 34.a is NO, skip questions 34.b, 34.c, and 34.d and proceed to Part XI.**

34.b. Did Allouche either know of the misrepresentation, make the representation without knowledge as to its truth or falsity, or make the representation under circumstances in which he ought to have known of its falsity?

Yes \_\_\_\_\_

No \_\_\_\_\_

**If your answer to question 34.b is YES, please answer question 34.c. If your answer to question 34.b is NO, skip questions 34.c and 34.d and proceed to Part XI.**

34.c. Did Allouche intend that the representation induce Kashani to act on it?

Yes \_\_\_\_\_

No \_\_\_\_\_

**If your answer to question 34.c is YES, please answer question 34.d. If your answer to question 34.c is NO, skip question 34.d and proceed to Part XI.**

34.d. Did injury result to Kashani acting in justifiable reliance on the misrepresentation?

Yes \_\_\_\_\_

No \_\_\_\_\_

**If your answer to each of questions 34.a, 34.b, 34.c, and 34.d is YES, your verdict is for Kashani. If you answered no to any of those questions, your verdict is for Allouche.**

13

## PART XI

### ALLOUCHE'S BREACH OF FIDUCIARY DUTY COUNTERCLAIM AGAINST KASHANI

35. Did Allouche prove by a preponderance of the evidence that a relationship existed between Allouche and Kashani in which Allouche put his trust in Kashani to protect Allouche's financial or property interests and Kashani accepted that trust?

        Yes _____        No ___✓___

[If your answer to question 35 is YES, proceed to question 36. If your answer to question 35 is NO, skip questions 36 through 39.d and go to Part XIII.]

36. Did Allouche prove by a preponderance of the evidence that Kashani breached a fiduciary duty owed to Allouche that was a legal cause of damage to Allouche?

        Yes _____        No _____

**If your answer to question 36 is NO, skip Part XII and go to Part XIII. If you answered YES to question 36, please proceed to Part XII.**

## PART XII: KASHANI'S AFFIRMATIVE DEFENSES ON ALLOUCHE'S SECOND COUNTERCLAIM

37.a. Did Allouche state to Kashani that the renovation of the properties was proceeding as planned?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 37.a is YES, please answer question 37.b. If your answer to question 37.a is NO, skip question 37.b and 37.c and answer question 38.a.**

37.b. Did Kashani rely in good faith upon Allouche's statement(s) regarding the renovation of the properties?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 37.b is YES, please answer question 37.c. If your answer to question 37.b is NO, skip question 37.c and answer question 38.a.**

37.c. Did Kashani's reliance on Allouche's statement(s) cause Kashani to change his position for the worse?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to each of questions 37.a, 37.b, and 37.c is YES, your verdict is for Kashani, and you should proceed to Part XIII. If you answered no to any of those questions, please proceed to question 38.a.**

38.a. Did Allouche represent that Kashani's $505,000.00 contribution to the venture would be sufficient to acquire and renovate the properties?

    Yes  \_\_\_\_\_

    No  \_\_\_\_\_

**If your answer to question 38.a is YES, please answer question 38.b. If your answer to question 38.a is NO, skip questions 38.b, 38.c, and 38.d and answer question 39.a.**

15

38.b. Did Allouche know that the representation was false when he made it or made the statement knowing he did not know whether it was true or false?

    Yes   _____

    No   _____

**If your answer to question 38.b is YES, please answer question 38.c. If your answer to question 38.b is NO, skip questions 38.c and 38.d and answer question 39.a.**

38.c. Did Allouche make the representation to induce Kashani. to enter into this contract.

    Yes   _____

    No   _____

**If your answer to question 38.c is YES, please answer question 38.d. If your answer to question 38.c is NO, skip question 38.d and answer question 39.a.**

38.d. Did Kashani enter into this contract in reliance on the representation?

    Yes   _____

    No   _____

**If your answer to each of questions 38.a, 38.b, 38.c, and 38.d is YES, your verdict is for Kashani, and you should proceed to Part XIII. If you answered no to any of those questions, please proceed to question 39.a.**

39.a. Did Allouche misrepresent a material fact?

    Yes   _____

    No   _____

**If your answer to question 39.a is YES, please answer question 39.b. If your answer to question 39.a is NO, skip questions 39.b, 39.c, and 39.d and proceed to Part XIII.**

39.b. Did Allouche either know of the misrepresentation, make the representation without knowledge as to its truth or falsity, or make the representation under circumstances in which he ought to have known of its falsity?

    Yes   _____

    No   _____

**If your answer to question 39.b is YES, please answer question 39.c.  If your answer to question 39.b is NO, skip questions 39.c and 39.d and proceed to Part XIII.**

39.c.   Did Allouche intend that the representation induce Kashani to act on it?

       Yes  \_\_\_\_\_

       No   \_\_\_\_\_

**If your answer to question 39.c is YES, please answer question 39.d. If your answer to question 39.c is NO, skip question 39.d and proceed to Part XIII.**

39.d.   Did injury result to Kashani acting in justifiable reliance on the misrepresentation?

       Yes  \_\_\_\_\_

       No   \_\_\_\_\_

**If your answer to each of questions 39.a, 39.b, 39.c, and 39.d is YES, your verdict is for Kashani. If you answered no to any of those questions, your verdict is for Allouche.**

## PART XIII

### DAMAGES AWARDED TO ALLOUCHE

**Only answer question 40 if you answered YES to question 30 and/or 36. In the event you find that Allouche is entitled to damages for breach of contract, breach of fiduciary duty, or both, the maximum combined damages that you can award to Allouche is $176,250.00.**

40. What is the gross amount of damages to be awarded to Allouche?

    $ _____

41. Do you find that Allouche made reasonable efforts to avoid these damages?

    Yes _____

    No _____

**If your answer to question 41 is YES, then skip question 42 and enter the gross damages from your answer to question 40 as the net damages in question 43. If your answer to question 41 is NO, then answer question 42.**

42. What is the amount of damages that Plaintiffs/Counterclaim Defendants proved Allouche could have avoided with reasonable efforts or expenditures?

    $ _____

43. What is the net amount of damages (i.e., the gross damages from your answer to question 40 less any avoidable damages from your answer to question 42) to be awarded to IKSA?

    $ _____

SO SAY WE ALL.

Date: January 24, 2023

_____
Foreperson's Signature